IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| | | |
|---|---|---|
| CHRISTOPHER ROSENBECK, | ) | CASE NO.3:20-CV-01604 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF THE SOCIAL SECURITY | ) ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| Defendant. | ) | |

**Introduction**

Before me[1] is an action by Christopher Rosenbeck under 42 U.S.C. § 405(g) seeking judicial review of the 2019 decision of the Commissioner of Social Security that denied Rosenbeck's 2014 application for disability benefits.[2] The Commissioner has answered[3] and filed the transcript of the administrative proceedings.[4] Pursuant to my initial[5] and

---

[1] The parties consented to my exercise of jurisdiction and the matter was transferred to me by United States District Judge Jeffrey J. Helmick in a non-document order entered on August 7, 2020.
[2] ECF No. 1.
[3] ECF No. 11.
[4] ECF No. 12.
[5] ECF No. 5.

procedural[6] orders, the parties have briefed their positions[7] and filed supplemental fact sheets and charts.[8] They have met and conferred with the goal of reducing the matters at issue[9] and have participated in a telephonic oral argument.[10]

For the following reasons, the decision of the Commissioner will be reversed, with the matter then remanded for further proceedings.

## Facts

Rosenbeck, who was 48 years old at the time of the hearing,[11] is a high school graduate[12] with past relevant work as foundry laborer, production helper, and roll forming machine operator.[13] The ALJ found that his severe impairments were: traumatic brain injury with neurocognitive disorders, bipolar disorder, and loss of visual acuity.[14]

The ALJ further found that Rosenbeck does not have an impairment or combination of impairments that met or equal a listing.[15] In doing so, the ALJ in particular analyzed Listings 12.02 (organic mental disorders), 12.04 (depressive bipolar and related disorders) and 12.06 (anxiety and obsessive-compulsive disorders), and especially the paragraph "B"

---

[6] ECF No. 13.
[7] ECF Nos. 16, Attachment 1 (Rosenbeck), 20 (Commissioner).
[8] ECF Nos. 16, Attachment 2 (Rosenbeck chart), 17 (Rosenbeck fact sheet), 20, Attachment (Commissioner).
[9] ECF No. 21.
[10] ECF No. 23.
[11] Tr. at 207.
[12] *Id*. at 951.
[13] *Id*. at 749.
[14] *Id*. at 17.
[15] *Id*. at 17-20.

criteria.[16] He concluded that Rosenbeck has only mild limitations in the area of adapting or managing himself; moderate limitations in the areas of concentration, persistence and pace and understanding, remembering or applying information; and marked limitations in the area of interacting with others.[17] Because Rosenbeck did not have two marked areas of limitation, the ALJ concluded that he did not meet or equal any of these listings.

The medical evidence showed that Rosenbeck had a head injury after being the victim of a hit and run accident in high school.[18] He was also the victim of a gunshot wound to the head, which resulted in the loss of his right eye and part of his brain.[19] The record also shows severe anxiety, irritability, argumentativeness, a history of domestic violence, and a "history of some behavioral issues regarding interactions with females,"[20] which includes pleading guilty to a charge of gross sexual imposition arising from the inappropriate touching of juveniles at a skating rink.[21] In 2014, he was assigned a GAF score of 38.[22]

The opinion evidence was evaluated under the former "*Gayheart*" standard of assigning weight. Under that rubric a statement from Rosenbeck's father was given

---

[16] *Id*. at 18-20. I note, as I detailed in *Taczak v. Commissioner*, 2021 WL 4441736 (N.D. Ohio Sept. 28, 2021), that the paragraph "B" criteria of Listing 12.02, 12.04 and 12.06 are identical. *Id*. at *3, fn 36.
[17] *Id*.
[18] *Id*. at 22.
[19] *Id*.
[20] *Id*.
[21] *Id*. at 22-23.
[22] *Id*. at 23.

"limited weight;"[23] a 2016 opinion from an APN (advance practical nurse) was given only "partial weight;"[24] a 2017 opinion from a treating psychologist was given "some weight;" and the 2017 opinion from an examining consultative psychiatrist was given "little weight"[25] since it was deemed inconsistent with the opinions of the three state reviewing psychologists and physicians,[26] whose opinion were accorded "great weight."[27]

From this record, Rosenbeck was found to have an RFC for a full range of work at all exertional levels, but with specified no-exertional limitations such as interacting only occasionally with supervisors and co-workers, but never with the general public, and not working in teams or in tandem.[28]

After finding that Rosenbeck could not engage in his past relevant work, and with the testimony of a VE, the ALJ found that Rosenbeck could perform the functions of hand packer, laundry worker, and laundry laborer, and further found that jobs in all three of these functions were available in significant numbers in the national economy.[29] Thus, Rosenbeck was found not disabled.[30]

**Analysis**

---

[23] *Id*. at 21.
[24] *Id*. at 23-24.
[25] *Id*. at 25.
[26] *Id*. at 25-26.
[27] *Id*. at 26.
[28] *Id*. at 20.
[29] *Id*. at 28.
[30] *Id*.

This matter is adjudicated under the well-established standard of substantial evidence, which need not be restated. Further, as noted, the treatment of the opinion evidence is adjudicated under the former "*Gayheart*" standard, which is also well-known.

At issue here is Rosenbeck's claim that the RFC should have included a limitation on his ability to work in the vicinity of females and requirement that he work in isolation, away from any others. He contends, and the VE agrees, that if either of these restrictions were included in the RFC, there would not be significant jobs available.[31]

The conflict here arises between two sets of opinions. On the one hand, there are the February 2017 opinion of Dr. Ronald DeLong, an examining psychologist with a specialty in sex offender treatment, which was assigned "some weight," and the March 2017 opinion of Dr. Fred Sacks, an examining consultative source, whose opinion got "little weight." On the other hand, there are the opinions of the state agency reviewers – all of which were assigned great weight – but none of which considered the opinions of Drs. DeLong or Sacks, since the last state agency opinion is dated March 1, 2016.[32]

The Commissioner contends first that the ALJ had no obligation to address Dr. Sacks' opinion because it does not offer any "specific" functional limitations.[33] While it is true that Dr. Sacks does not specifically set out any limitations such as the hours Rosenbeck could work or the weight he could carry, he does state specifically that Rosenbeck poses

---

[31] *Id*. at 76-77.
[32] *Id*. at 480-81.
[33] ECF No. 20 at 6.

an increased "risk for disturbances in his work environment and occupational functioning. When he perceives a coworker or work situation as threatening to him, he will be at significant risk for acting out, perhaps with aggressive and/or violent behavior."[34] This passage alone constitutes a clear opinion, within the professional competence of the author, as to Rosenbeck's specific ability to function in a work setting without significant risk of a violent response to a coworker or work situation.

Further, the Commissioner restates an old, and unfortunately time-worn argument, that by simply offering a view as to a claimant's ability to work – an issue that plainly belongs to the Commissioner – that single mention justifies ignoring the entire opinion. I have said before that such a "gotcha" game is weak reasoning and has no place in adjudicating the serious issues attendant in determining a person's disability.[35]

Any argument that the Sacks or DeLong opinions are somehow of lesser value because they are from examining, not treating, sources would be curious, since the opinions that did get greater weight were largely from state agency reviewers, who did not themselves examine Rosenbeck or the Sacks and Delong opinions. The Sacks opinion is

---

[34] Tr. 656.

[35] The case the Commissioner cites (ECF No. 20 at 7) in his own defense for brushing over an opinion that got into an issue reserved for the Commissioner – *Turner v. Commissioner*, 381 Fed. Appx. 488, 493 (6th Cir. 2010) is wholly inapposite. *Turner* dealt with a brief, summary opinion that the claimant was "not currently capable of an 8-hour workday." The Sixth Circuit stated that in that situation, no more was needed to analyze such a truncated opinion than to state that it was on an issue reserved to the Commissioner. That is unlike here where Dr. Sacks opinion covered 10 pages, noted that it addressed medical records going back to Rosenbeck's high school years and contains three full pages of details on intellectual and social-emotional functioning. Tr. at 647-57.

not simply based on a re-evaluation of pre-existing clinical data, but rests, in substantial part, on a new, independent examination that includes newly administered tests, such as a Personality Assessment Inventory, the Weschler Abbreviated Scale of Intelligence, a Trail Marking test that measures neuropsychological functioning and Personality Assessment Inventory.[36]

A review of the evidence relied upon by state agency reviewers[37] shows that the most recent clinical data on mental and psychological functioning was an October 2014 mental health evaluation at the Dayton VA, included many of the same tests done by Dr. Sacks in 2017 In this case, the Dayton examiner concluded that Rosenbeck has "some behavioral issues (interactions with females) and appears to lack appreciation or to comprehend potential consequences …"[38]

Taken together, at the very least, Dr. Sacks' 2017 opinion seems to provide additional, updated clinical support for this 2014 data, as well providing new, additional clarification of the extent and consequences of Rosenbeck's "behavioral issues" in the workplace - *i.e*, a clear statement of their functional effects – which was lacking in the 2014 report.

In sum, the ALJ here has not provided good reasons for the lesser weight given to Dr. Sacks' report in comparison the opinions of the state agency reviewers. Further, given

---

[36] Tr. at 653-56 (Psychological Test Results).
[37] *Id*. at 98, 106.
[38] *Id*. at 333.

that Dr. Sacks opinion appears to update the information relied on by the state agency reviewers, as well as to translate the raw data into greater functional specificity, the ALJ cannot be said to have given good reasons for the great weight assigned to the opinions of the state agency reviewers. Thus, absent a proper weight assignment to the reviewing opinions, on which much of the RFC rests, the decision of the Commissioner must be reversed and the matter remanded.

## Conclusion

For the reasons stated, the decision of the Commissioner is reversed and the matter remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated: March 30, 2022

Signed by:
   s/William H. Baughman Jr.
United States Magistrate Judge